No. 25-1187,
consolidated with Nos. 25-1180, 25-1195, 25-1197

# In the United States Court of Appeals for the District of Columbia Circuit

───────────────

ALON REFINING KROTZ SPRINGS, INC.,

*Petitioner,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

───────────────

On Petition for Review of a Final Decision of the
Environmental Protection Agency, 90 Fed. Reg. 41,829 (Aug. 27, 2025)

───────────────

**OPPOSITION TO RESPONDENT'S MOTION FOR A STAY**

───────────────

Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Petitioner*

The Court should deny EPA's motion for a stay. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). EPA cannot meet this burden.

**1.** Pressing forward in this case will not harm EPA or its counsel. EPA does not claim any hardship to itself. And the Department of Justice's contingency plan for a lapse in appropriations shows that there will be no harm to EPA's counsel.

To begin with, there is no legal impediment to EPA meeting its deadlines. As DOJ's plan recognizes, if a court denies a request for a stay, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." DOJ, *FY 2026 Contingency Plan* 3 (Sept. 2025), tinyurl.com/yhnppj2a. In that circumstance, "the litigation will become an excepted activity," *id.* at 7, and the responsible litigator an "excepted" employee, Off. of Pers. Mgmt., *Guidance for Shutdown Furloughs* 2 (Sept. 2025), tinyurl.com/yb48tw36. For an "excepted" employee doing "excepted" work, 31 U.S.C. § 1342's ban

1

on voluntary work during a shutdown does not apply. *See id.*; *contra* EPA Mot. 2.

Nor is there any practical impediment justifying a stay. "[E]xcepted" DOJ employees "shall be paid" for all work performed during the lapse in appropriations. 31 U.S.C. § 1341(c)(2); *see also Guidance for Shutdown Furloughs* 8–9, 12, 21 (excepted employee's pay and benefits not affected by the lapse). EPA's counsel will also continue to be able to consult with EPA personnel as necessary. Under EPA's own contingency plan, agency employees are "expect[ed] … to continue to provide the legal or technical support necessary to meet any court deadlines or orders." EPA, *Contingency Plan for Shutdown* § 6(a)(1) (Sept. 2025), tinyurl.com/u7ca2m9d. There is no reason counsel cannot press forward with this case.

Finally, DOJ's plan "assumes that the Judicial Branch will continue to operate, though possibly at a reduced level, through the lapse. *FY 2026 Contingency Plan* 3. That assumption has proven correct. The Court today announced that it "will continue normal operations" during the shutdown and that "[p]arties remain obligated to meet all scheduled

2

deadlines for filing." *Court Operations in the Event of a Government Shutdown* (Oct. 1, 2025), tinyurl.com/45f99k9f. EPA has not shown that this case should be an exception to that rule.

**2.** Faced with materially identical contingency plans in prior years, this Court held that continuing with scheduled deadlines is "perfectly consistent with" the Antideficiency Act, 31 U.S.C. §§ 1341–1342. Order, *Kornitzky Group, LLC v. Elwell*, No. 18-1160 (D.C. Cir. Jan. 9, 2019) (statement of Srinivasan, C.J., joined by Edwards, J.). So, absent agreement from the parties, the Court did not grant "a single motion seeking a stay" of oral argument "during the 2013 shutdown" and extended the "same" "practice" to motions to stay briefing during the 2019 shutdown. *Id.* EPA offers no reason for the Court to take a different tack now.

**3.** While denying EPA's stay motion would not prejudice the government, granting the motion would significantly prejudice Petitioner. Time is of the essence in this case. *See* Petitioner's Motion to Sever and For Expedited Briefing and Consideration 8–10 (Doc. #2135663). Under current EPA policy, EPA will return any retired renewable fuel credits to Petitioner if it ultimately grants Petitioner's small refinery exemption

3

application for the 2024 compliance year. But if EPA returns credits generated during 2024 after March 31, 2026, then those credits will have expired and thus be worthless—saddling Petitioner with $57 million of compliance costs it should not have to bear. *See id.* Therefore, the only way to enable Petitioner to obtain effective relief is for this Court to decide the case by early March 2026, so that if the Court determines that EPA wrongly deemed Petitioner ineligible for an exemption, EPA has time to consider and grant Petitioner's exemption before the March 31 deadline. *Id.*

Because time is of the essence here, Petitioner has moved to sever and expedite its case and has proposed a briefing schedule that would facilitate a decision from this Court by early March. That briefing schedule contemplates submission of Petitioner's opening brief by October 31. *See* Petitioner's Motion to Sever and For Expedited Briefing and Consideration 17. Because EPA obtained a one-week extension, its response to the motion to sever and expedite is due this Monday, October 6. It is critical that EPA adhere to that deadline so that the Court can promptly decide the motion and so that, if the motion is granted, the parties have sufficient time to brief the merits.

4

In the final tally, pressing forward will cause no harm to EPA or its counsel, whereas delay could cost Petitioner upwards of $50,000,000. The Court should deny EPA's motion.

Dated: October 1, 2025

Respectfully submitted,

/s/ *Daniel J. Feith*
Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Petitioner Alon Refining Krotz Springs, Inc.*

5

## CERTIFICATE OF COMPLIANCE

This response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. The motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 809 words, excluding the sections listed in Rule 32(f).

*/s/ Daniel J. Feith*
Daniel J. Feith

## CERTIFICATE OF SERVICE

I certify that on October 1, 2025, a copy of this document was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Daniel J. Feith*
Daniel J. Feith